936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winchester ARMSTRONG, Defendant-Appellant.
 No. 90-5028.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1991.
Decided July 8, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CR-89-127)
 Roger A. Inger, Warrenton, Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Winchester Armstrong appeals the guideline sentence imposed on him after he pled guilty to distribution of cocaine within 1000 feet of a school in violation of 21 U.S.C. Secs. 841 and 845a(a). He contends that his base offense level was incorrectly increased under U.S.S.G. Sec. 3B1.1(b) on the ground that his criminal activity involved more than five people or was otherwise extensive. Our review of the record discloses that the increase was improper. We vacate the judgment below and remand for resentencing.
 
 
 2
 The district court's determination of a defendant's role in the offense is usually a factual question reviewable under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). In this case, it is not the facts which are in question, but the district court's interpretation of the guideline. As a result, our review is de novo. Id.
 
 
 3
 Guideline Section 3B1.1(b) provides for increasing a defendant's offense level by three levels when (1) the defendant is a manager or supervisor and (2) the criminal activity involves more than five people or is otherwise extensive.
 
 
 4
 The evidence supporting Armstrong's guilty plea was that he sold drugs from his apartment. His sales were frequent and were made to a large number of people; however, he exercised no control over the drugs or his customers once his sales were made. Armstrong's base offense level was 30. He then received a two-level reduction for acceptance of responsibility and an increase of three for his role in the offense for a final offense level of 31. The probation officer recommended the increase because Armstrong's criminal activity involved more than five people. In her testimony at the sentencing hearing, she indicated that she did not believe Armstrong was a manager or supervisor, but thought the increase could be made solely because of the extensive nature of his drug sales. The district court agreed with this interpretation of the guideline.
 
 
 5
 We find that the language of the guideline clearly requires both that the defendant be a manager or supervisor and that the criminal activity be extensive. The first requirement was not satisfied. Although the government asserts on appeal that Armstrong can be termed a manager/supervisor because he fronted drugs to some of his customers, this argument is not persuasive. The government further contends that Armstrong could control the street price of crack cocaine by the price he chose to charge for his drugs. Because Armstrong was only one of a number of competing sources in the area, this argument is also unpersuasive. See United States v. Lanese, 890 F.2d 1284, 1293 (2d Cir.1989) (when defendant has no authority over anyone, finding that defendant is a manager or supervisor is improper), cert. denied, 58 U.S.L.W. 3739 (U.S.1990).
 
 
 6
 We therefore find that the district court erred in finding that Armstrong's offense level should be increased under Sec. 3B1.1(b). The judgment of the district court is vacated and the case is remanded for resentencing. The guideline range to be used on resentencing is 78-97 months. This results from Armstrong's unenhanced offense level of 28 and criminal history category I. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.